# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dwayne Thompson, individually, and on behalf of his minor daughter "RMT" and Pamela McDeavitt, | ) ) ) ) | Civil Action No. 16-1100 |
| Plaintiffs, | ) ) ) | District Judge David S. Cercone / |
| v. | ) ) | Magistrate Judge Lenihan |
| Kathryn M. Hens-Greco; Kimberly Berkeley Clark, Krista Abram; Shane Mock; Jonathon Voelker; Pernille Frankmar; Voelker & Colton, LLC; Lauren Darbouze; Reserve Township Police; Brian Tully; Fred Boory Jr; Pittsburgh Municipal Court; Barbara Clements; Allegheny County; Patrick Quinn; Christopher Connors; Geraldine M. Redic; Claire Capristo; Allegheny County Sheriff's Department; Anthony Fratto; Holly Zemba; Allegheny County Department of Court Records; Allegheny County Office of Children and Youth Services; Bruce Noel; Brynn Alpee; McKeesport Area School District; Fifth Judicial District; and John and Jane Does, 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ECF No. 13 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that pursuant to Federal Rule of Civil Procedure 12(f), that the Court, sua sponte, dismiss Plaintiffs' Verified Amended Joinder Complaint (ECF No. 13) without prejudice and that Plaintiffs be granted leave to amend the Complaint to conform with the requirements of Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b) as described in the Report below.  It is further recommended that Plaintiff be given 20 days from the date of an order adopting this Report and Recommendation to file a Second Amended

Complaint in compliance with the requirements of Rules 8(a)(2), 8(d)(1), and 10(b), should they wish to proceed with this civil action.

## II. REPORT

### A. Procedural Background and Factual Summary

On July 25, 2016, Plaintiff Dwayne Thompson ("Plaintiff Thompson") filed a Motion for Leave to Proceed in Forma Pauperis. Attached to the Motion was a copy of a Verified Complaint. (ECF No. 1.) On July 26, 2016, the Court granted the Motion and Plaintiff's Verified Complaint was filed the same day. (ECF No. 2.) Plaintiff's Verified Complaint, brought individually and on behalf of his minor daughter RMT ("RMT"), named 11 defendants and 10 John and Jane Does. The Complaint was 42 pages and contained 239 numbered paragraphs.

On October 24, 2016, Plaintiff filed a Verified Amended Joinder Complaint ("Amended Complaint"). (ECF No. 13.) Pamela McDeavitt was added as a pro se Plaintiff ("Plaintiff McDeavitt"), and 16 additional defendants were added to the original 11 defendants and 10 John and Jane Does. The Amended Complaint is 101 pages and contains 522 paragraphs. The named defendants include two (2) Allegheny County Court of Common Pleas Family Division judges; RMT's biological mother and her boyfriend; Plaintiff Thompson's attorneys; a police department and two (2) of its former officers; Pittsburgh Municipal Court; Allegheny County and several Allegheny County Family Division Court employees; Allegheny County Sheriff's Department and two (2) deputy sheriffs; Allegheny County Department of Court Records; Allegheny County Office of Children and Youth Services ("CYF") and two (2) of its employees; McKeesport Area School District; and the Fifth Judicial District.

Out of the 522 paragraphs set out in the Amended Complaint, 501 of these paragraphs set out in painstaking detail[1] the facts and circumstances surrounding Plaintiff Thompson's attempts to obtain custody of/visitation with his biological daughter RMT. These attempts include state court proceedings in the Court of Common Pleas of Allegheny County, Family Division; PFA proceedings; alleged violation of PFA orders and attendant indirect criminal contempt ("ICC") proceedings with the involvement of the Reserve Township Police Department; CYF involvement; the alleged professional negligence of Plaintiff Thompson's attorneys; alleged threats and intimidation by the Allegheny County Sheriff's Department; and alleged omissions by various Defendants. Plaintiffs appear to allege that most, if not all Defendants were in an overarching conspiracy to keep Plaintiff Thompson away from RMT.

Plaintiffs bring this civil action pursuant to 42 U.S.C. § 1983 for violation of their First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights including violation of procedural and substantive due process; the right to petition the government; right of access to the courts; violation of equal protection of the laws; unlawful seizure and arrest; conspiracy; malicious abuse of process; retaliation for exercising their constitutional rights; failure to intercede in wrongs; right to counsel; and cruel and unusual punishment. Plaintiffs also allege supplemental state law claims including intentional infliction of emotional distress; attorney malpractice; and alienation of affection as to Plaintiff Thompson only. These claims are set out in 11 Counts spanning only 20 paragraphs. These 11 Counts do not generally reference the facts that support each Count, and in many instances, are directed to all Defendants, rather than to the specific Defendant(s) against whom the claim is seemingly asserted.

---

[1] The 501 paragraphs include commentary; unnecessary and irrelevant historical and background information; statements of the law and legal argument; hearsay statements; legal conclusions; speculation; unnecessary inflammatory material; and evidentiary material.

B.  Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court, on its own motion, may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f)(1). Immaterial matter are allegations that lack an essential or important relationship to the claim for relief, while impertinent matter constitutes statements failing to pertain, and are not necessary to, the issues in question. *Conklin v. Anthou*, No. 1:10-CV-20501, 2011 W. 1303299, at *1 (M.D. Pa. April 5, 2011) (citations omitted). Therefore, Rule 12(f) tests whether the Complaint conforms to the pleading requirements of the federal courts, including Rule 8(a)(2)'s requirement of a "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the requirements of facial plausibility under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). It is only necessary that the Complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," and it is intended that the more precise bases of claims, and disputed facts and issues, be disclosed and/or developed through "the liberal opportunity for discovery and the other pretrial procedures established by the Rules." *Brejcak v. County of Bucks*, No. Civ. A. 03-4688, 2004 WL 377675, at *2 (E.D. Pa. Jan. 28, 2004) (quoting *Burks v. City of Philadelphia*, 904 F. Supp. 421, 423-24 (E.D. Pa. 1995)) (granting motions to strike 45 page, 216 paragraph complaint under 42 U.S.C. § 1983). Accordingly, the Courts have applied Rule 12(f) to dismiss, on motion or sua sponte, and with leave to refile, excessively and burdensomely factual complaints, declining to "accelerate the function of discovery to the pleadings stages" by requiring a defendant to answer such averments. *Brejcak*, 2004 WL 377675, at *3.

Plaintiffs are proceeding pro se, and such parties are accorded substantial deference and liberality in general, and particularly, in construing pleadings. *See Haines v. Kerner*, 404 U.S.

519, 520 (1972), *cited in Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Pro se litigants, however, are not free to ignore the Federal Rules of Civil Procedure. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007).

C.   Analysis

As indicated by the standards set forth above, where a complaint, rather than alleging the essential facts and then asserting claims that clearly refer to their factual and legal bases, instead expounds extensively on unnecessary factual details, it "runs afoul of the letter and spirit of the Federal Rules." *Brejcak*, 2004 WL 377675, at *2-3 (striking with leave to amend, 216 paragraph "tome" which, although neither excessively confused not ambiguous, excessively recited factual details in "unfairly cumbersome" detail) (citing *Burks*, 904 F. Supp. at 424 (dismissing fact-laden complaint that described in unnecessary and burdensome detail "every instance of alleged racial discrimination perpetrated by Defendants" over a one-year period)); *Drysdale v. Woerth*, No. Civ. A. 98-3090, 1998 WL 966020, at *2 (E.D. Pa. Nov. 18, 1998) (granting motion to dismiss, with leave to amend, "93 paragraph narrative that describe[d] in unnecessary and burdensome detail every instance of Defendants' alleged misconduct.").

The Court concurs with the conclusions of its Sister Courts that "[t]o shift the factual emphasis from [the] discovery stage back to the pleading stage distorts both the purpose and the function of the Federal Rules of Civil Procedure and the administration of [the] civil case." *Brejcak*, 2004 WL 377675, at *4 (quoting *Burks*, 904 F. Supp. at 424). Neither Defendants nor this Court should be "compelled to weed through the verbiage" of an extensively evidentiary complaint; neither should Defendants be required to "respond to the material therein or risk having [it] deemed admitted." *Untracht v. Fikri*, 368 F. Supp.2d 409, 413 (W.D. Pa. 2005) (quoting *Barrett v. City of Allentown,* 152 F.R.D. 50, 53 (E.D. Pa. 1993)) (granting motion to

5

strike, with leave to amend, 112 page amended complaint where requiring defendants to respond to voluminous, verbose, dense and ambiguous claims would be unduly burdensome). *See also Welsh v. Male*, Civil Action No. 05-CV-6838, 2007 WL 906182 (E.D. Pa. Mar. 22, 2007) (striking, with leave to amend, plaintiff's 71 page, 235 paragraph complaint where defendants asserted length and specificity of facts would require a time-consuming investigation more appropriate to discovery process); *Seto v. Thielen*, Civil No. 10-351, 2010 WL 2609055, at *1 (D. Hawai'i June 25, 2010) (noting, in sua sponte strike of complaint to relieve defendant "of the extreme burden of attempting to answer," that it is not the role of judges to "go on a truffle hunt in a vast field.").

Instead, Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10 sets forth the requirements of form in pleadings. In particular, Rule 10(b) states as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief." *Young v. Centerville Clinic, Inc.*, Civil Action No. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009). In addition, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" if that would promote clarity.

*Walker v. Wentz*, Civil Action No. 1:06-CV-2411, 2008 WL 450438, at *5 (M.D. Pa. Feb. 15, 2008).

      Here, the Court directs the pro se Plaintiffs to three (3) issues. First, the Amended Complaint is a 522 paragraph narrative that describes in unnecessary and burdensome detail every instance of Defendants' alleged misconduct. "Rather than presenting a 'short and plain statement' that summarizes the general nature of the claim in obedience to the rules' goal of notice pleading, the [Amended C]omplaint reads more like a novel than the legal pleading it purports to be." *Burks*, 904 F. Supp. at 423-24. It contains immaterial matter, that is, allegations that lack an essential or important relationship to the claims for relief. In addition, the Amended Complaint contains impertinent matter, that is, allegations that fail to pertain, and are not necessary to, the issues in question. Some of this material is wholly irrelevant. Some of the material, at best, might constitute admissible evidence. The Federal Rules of Civil Procedure, as noted above, discourage the pleading of evidence. Therefore, the Plaintiffs should file a Second Amended Complaint setting forth only those facts that are material and pertinent to their claims.

      Second, the Court directs the pro se Plaintiffs to Counts I through XI of the Amended Complaint. Although Plaintiffs indicate that certain Counts are directed to all Defendants, the substance of the Count does not appear to relate to every Defendant named in the Amended Complaint. Plaintiffs must indicate in separate Counts each constitutional right violated or state tort committed, indicating the specific Defendant(s) against whom that claim is asserted, and referencing in separately numbered paragraphs under each count, any factual statements showing that Plaintiffs are entitled to relief. Plaintiff must also include in each Count the specific relief sought against the Defendant(s) named in that Count.

Finally, to the extent that Plaintiff Thompson seeks relief on behalf of his minor child, Plaintiff Thompson, appearing pro se, is not permitted to represent other parties, including his minor child. *See Osei-Afriyie v. Med. Coll. of Pa.,* 937 F.2d 876, 882 (3d Cir. 1991). In *Osei-Afriyie*, the United States Court of Appeals for the Third Circuit held that a non-attorney parent may not serve as his children's counsel in federal court. *Id.* at 882-83. The *Osei-Afriyie* court reasoned that minors lack the legal capacity to choose to appear pro se and that their interests would be prejudiced without trained legal assistance. *Id. See also Harris-Thomas v. Christina Sch. Dist.,* 145 F. App'x 714, 714-15 (3d Cir. 2005) (non-attorney mother cannot represent son in federal court for school district's alleged violation of son's civil rights); *McCain v. Abraham*, 337 F. App'x 141, 142 (3d Cir. 2009) (non-attorney pro se litigant lacks standing to bring another's civil rights claim in federal court). Plaintiff Thompson has indicated that he intends to seek a guardian ad litem for his minor daughter. (ECF No. 13 ¶ 7.) In order for RMT to continue as a Plaintiff in the above captioned matter, she either needs an attorney to enter an appearance as counsel in this case, or the guardian ad litem must be an attorney. *See Osei-Afriyie,* 937 F.2d at 882-83.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that pursuant to Federal Rule of Civil Procedure 12(f), that the Court, sua sponte, dismiss Plaintiffs' Verified Amended Joinder Complaint (ECF No. 13) without prejudice and that Plaintiffs be granted leave to amend the Complaint to conform with the requirements of Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), and 10(b) as described within this Report and Recommendation. It is further recommended that Plaintiff be given 20 days from the date of an order adopting this Report and Recommendation to

file a Second Amended Complaint in compliance with the requirements of Rules 8(a)(2), 8(d)(1), and 10(b), should they wish to proceed with this civil action.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 7, 2016								BY THE COURT:


									s/Lisa Pupo Lenihan
									LISA PUPO LENIHAN
									United States Magistrate Judge

cc:	Dwayne Thompson
	1013 Coal Street
	Pittsburgh, PA 15221

	Pamela McDeavitt
	104 Dorf Avenue
	Pittsburgh, PA 15209

	All counsel of record
	Via electronic filing