IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dwayne Thompson, individually, and on behalf of his minor daughter "RMT" and Pamela McDeavitt, | Civil Action No. 16-1100 |
| Plaintiffs, | |
| v. | District Judge Cercone<br>Magistrate Judge Lenihan |
| Kathryn M. Hens-Greco; Kimberly Berkeley Clark, Krista Abram; Shane Mock; Jonathan Voelker; Pernille Frankmar; Voelker & Colton, LLC; Lauren Darbouze; Reserve Township Police; Brian Tully; Fred Boory Jr; Pittsburgh Municipal Court; Barbara Clements; Allegheny County; Patrick Quinn; Christopher Connors; Geraldine M. Redic; Claire Capristo; Allegheny County Sheriff's Department; Anthony Fratto; Holly Zemba; Allegheny County Department of Court Records; Allegheny County Office of Children and Youth Services; Bruce Noel; Brynn Alpee; McKeesport Area School District; Fifth Judicial District; and John and Jane Does, 1-10, | ECF No. 76 |
| Defendants. | |

**REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant Lauren Darbouze be granted. (ECF No. 76.)

## II. REPORT

### A. RELEVANT FACTS[1] AND PROCEDURAL BACKGROUND

On July 25, 2016, Plaintiff Dwayne Thompson ("Plaintiff" or "Thompson") filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 1.) On July 26, 2016, the Court granted the Motion and Plaintiff's Complaint, brought individually and on behalf of his minor daughter, "RMT," was filed the same day. (ECF No. 2.) On October 24, 2016, Plaintiff, and a newly added plaintiff, Pamela McDeavitt ("McDeavitt") (collectively "Plaintiffs") filed a "Verified Amended Joinder Complaint" ("Amended Complaint"). (ECF No. 13.) Thereafter, pursuant to Order of Court, Plaintiffs filed a Second Amended Complaint December 27, 2016. (ECF No. 31.) Finally, after receiving leave of court on February 8, 2017 to file a Third Amended Complaint as it relates to Defendant McKeesport Area School District (ECF No. 57), Plaintiffs filed a Third Amended Complaint on March 13, 2017. (ECF No. 68.) On August 2, 2017, the District Judge adopted this Court's Report and Recommendation dated July 10, 2017, and Plaintiff McDeavitt was dismissed as a party plaintiff for lack of standing. (ECF No. 130.)

The above-captioned case against the moving Defendant Lauren Darbouze, and a host of other defendants, arises from an underlying custody dispute ("Family Court Proceedings") with the mother of RMT, Defendant Krista Abram ("Abram"). Generally, Plaintiff Thompson alleges in painstaking detail the facts and circumstances surrounding his attempts to obtain custody of/visitation with his biological daughter RMT. These attempts include state court proceedings in the Court of Common Pleas of Allegheny County, Family Division; PFA proceedings; alleged violation of PFA orders and attendant indirect criminal contempt proceedings with the involvement of the Reserve Township Police Department; acts

---

[1] Because the allegations and named defendants are numerous, the Court focuses only on those facts relevant to the pending motion.

and omissions of Children and Youth Services and McKeesport Area School District; the alleged professional negligence of Plaintiff Thompson's attorneys; alleged threats and intimidation by the Allegheny County Sheriff's Department; and alleged omissions by various defendants. Plaintiff appears to allege that all named defendants were involved in an overarching conspiracy with Defendant Abram and her boyfriend, Defendant Shane Mock, to interfere with Plaintiff Thompson's access to RMT.

On March 23, 2017, Defendant Darbouze filed the Motion to Dismiss presently at bar. (ECF No. 76.) On April 14, 2017, Defendant Darbouze filed a Brief in Support of the Motion to Dismiss the Third Amended Complaint. (ECF No. 100.) Plaintiff was given three (3) extensions of time in which to file a response. *See* ECF Nos. 119, 123, 125. Plaintiff has filed no response.

Specifically, as to moving Defendant Darbouze, Plaintiff Thompson alleges the following in the Third Amended Complaint: Defendant Lauren Darbouze is a licensed attorney who has been the attorney of record for Defendant Abram since May 2, 2013. (ECF No. 68 ¶ 25.) Plaintiff states that "Defendant Darbouze was complicit and/or conspired with other defendants to deprive Thompson and RMT of their civil rights, due process rights and a relationship with each other." (ECF No. 68 ¶ 27, 284.) Specifically, Plaintiff Thompson states that the family division judge, Thompson's own attorneys, Darbouze and Abram, "and possibly other defendants (as yet undetermined), were complicit in and/or conspired to achieve the desired final outcome of the PFA, a 3 year no contact of any type or description with RMT." (ECF No. 68 ¶ 247.) Plaintiff Thompson also alleges the following relating to Defendant Darbouze and Thompson's friend (ECF No. 68 ¶ 117), Kathleen Butler:

> Defendant Darbouze testified (with hearsay) at the PFA hearing, that Butler did not appear because she had been threatened by Thompson. Based on hearsay testimony by defendant Darbouze at the PFA hearing that defendant Abram had been told by Butler

3

> that she was threatened by Thompson, an authenticated voice mail[2]
> allegedly by Butler to defendant Abram was played at the hearing
> and entered by defendant [Judge] Hens-Greco. After the PFA
> hearing[,] Thompson contacted Butler about the voice mail. Butler
> not only denied that the voice mail was hers but swore in a
> notarized affidavit that she was never threatened by Thompson but
> had been offered payment by defendants Abram and Mock
> [Abram's boyfriend] to commit perjury against Thompson at the
> final PFA hearing. When presented with Butler's affidavit and
> presence to testify at a reconsideration of the final PFA, defendant
> Hens-Greco refused to consider the affidavit of Butler or allow her
> to testify. Upon information and belief, defendant Darbouze
> suborned perjury by testifying to the alleged threats to Butler by
> Thompson. Defendant Darbouze never confirmed with Butler that
> the alleged threats were ever made. Defendant Darbouze
> manufactured an excuse and alleged a serious crime, witness
> tampering, against Thompson, in order to justify the admittance of
> a voice mail that she knew or should have known denied
> Thompson of his procedural due process rights.

(ECF No. 68 ¶¶ 294-301.)

Plaintiff sets out only one count that is specifically directed to moving Defendant Darbouze. In Count I, Plaintiff claims violations of his First and Fourteenth Amendment rights to equal access to the court, "confidence rights to equal protection under the law, to petition the courts for redress of grievances, and to be free from retaliation for petitioning the court for redress of grievances." (Count I, ECF No. 68) Specifically as to Defendant Darbouze, Plaintiff alleges that "Defendant Darbouze committed perjury and suborned perjury at least once when she told defendant Hens-Greco that Thompson threatened Butler yet she never confirmed it with Butler." (ECF No. 68 ¶ 442.)

All other counts not specifically directed to a particular defendant are directed to all defendants generally. Liberally construing the Third Amended Complaint, the Court assumes that the following claims are therefore directed to Defendant Darbouze: § 1985 conspiracy to

---

[2] Based upon the context of the averments as they relate to Defendant Darbouze, Plaintiff may have intended to allege that the voice mail was "unauthenticated."

4

interfere with civil rights; § 1983 failure to intercede in wrongs; § 1983 malicious abuse of process; § 1983 violation of the First, Fourth and Fourteenth Amendments; § 1986 for neglect to prevent; Ninth Amendment fundamental right of a parent to direct the upbringing and education and care of their children; intentional infliction of emotional distress; and parental alienation. (ECF No. 68 at Counts III, IV, V, VI, VII, VIII, XII, XIII, XIV.) Moreover, Plaintiff does not allege facts within each count that describe how the moving Defendant violated the rights generally referred to in each count.

Plaintiff seeks only monetary relief in an amount in excess of one million dollars.

B. LEGAL STANDARD

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler[v. UPMC Shadyside*, 578 F.3d [203,][] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the

5

complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester Cnty Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)).

Importantly, the Court must liberally construe the factual allegations of the complaint because pleadings filed by pro se plaintiffs are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Therefore, if the Court "can reasonably read [the] pleadings to state a valid claim on which [plaintiff] could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [plaintiff's] unfamiliarity with pleading requirements." *Wilberger v. Ziegler*, No. 08-54, 2009 WL 734728, at *3 (W.D. Pa. March 19, 2009) (citing *Boag v. MacDougall,* 454 U.S. 364 (1982) (*per curiam*)).

C. ANALYSIS

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36

F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Here, it is clear from the face of the Third Amended Complaint that Defendant Darbouze is not a state actor for purposes of 42 U.S.C. § 1983. That is, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")). *See also Steward v. Meeker,* 459 F.2d 669, 669-70 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client). Plaintiff's allegations against Defendant Darbouze relate to her actions as a private person in her representation of Defendant Abram in the underlying Family Court Proceedings.

Further, Darbouze's purely private action cannot be deemed state action by virtue of the alleged conspiracy between Darbouze and other defendant state actors because Plaintiff cannot state a claim for conspiracy pursuant to *Twombly* and its progeny. In order to state a claim for conspiracy, Plaintiff is required to show "'a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999) (quoting *Hammond v. Creative Financial Planning*, 800 F. Supp. 1244, 1248 (E.D. Pa. 1992)). *See also Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997) (citing *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974)). A conspiracy claim requires specific allegations "which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other action of

the alleged conspirators taken to achieve that purpose." *Id.* "It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Spencer*, 968 F. Supp. at 1020. Rather, there must be a showing that the alleged conspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982) (citing *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980)). The United States Court of Appeals for the Third Circuit has made clear that in light of *Twombly* and its progeny, there must be "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Great Western Mining & Mineral Co.v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). The facts alleged must raise "a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Twombly*, 550 U.S. at 557.

Here, while Plaintiff attempts to allege an overarching conspiracy among all Defendants, claiming that they acted in concert at various times and at various locations in order to interfere with Plaintiff Thompson's access to RMT, the claims are pure speculation and do not amount to sufficient facts from which this Court could infer conspiracy. The detailed allegations of the Third Amended Complaint do not allow the Court to infer that Defendant Darbouze entered into an agreement to violate Plaintiff's constitutional rights. There are simply no facts alleged to suggest that the moving Defendant acted in accordance with a prior agreement to engage in the alleged course of conduct. Instead, the facts alleged as they relate to Defendant Darbouze reflect actions taken by her in the representation of her client, Defendant Abram, during the highly contentious underlying Family Court Proceedings and related PFA proceedings. Plaintiff alleges

8

no facts to suggest that "the family division judge, Thompson's own attorneys, Darbouze and Abram, "and possibly other defendants (as yet undetermined), were complicit in and/or conspired to achieve the desired final outcome of the PFA, a 3 year no contact of any type or description with RMT." (ECF No. 68 ¶ 247.) The facts alleged show nothing more than "parallel conduct that could just as well be independent action." *Twombly*, 550 U.S. at 557.[3] In light of the detailed facts and circumstances alleged, any attempt to amend the Third Amended Complaint would be futile.[4]

Finally, because the Court recommends that all claims over which it has original jurisdiction be dismissed, it is further recommended that the Court decline to exercise its supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Therefore, Defendant Darbouze's Motion to Dismiss should be granted.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Lauren Darbouze be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond

---

[3] Plaintiff's attempt to state a claim in Count VII pursuant to 42 U.S.C. § 1986 for "Neglect to Prevent" also fails because a § 1986 claim cannot exist without a viable § 1985 claim. *Patterson v. City of Philadelphia*, Civil Action No. 08-2140, 2009 WL 1259968, at *4 n.4 (E.D. Pa. May 1, 2009).

[4] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 11, 2017

BY THE COURT

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Dwayne Thompson
1013 Coal Street
Pittsburgh, PA 15221

Pamela McDeavitt
104 Dorf Avenue
Pittsburgh, PA 15209

All counsel of record
Via electronic filing